## JURE v. FIRST MUNICIPALITY OF NEW ORLEANS.

2 321
51 144

No appeal will lie from an order dissolving an injunction on the execution of a bond by defendants in compliance with art. 307 of the Code of Practice, where the facts of the case show that the dissolution can work no irreparable injury to the plaintiff.

APPLICATION for a mandamus to *Buchanan*, Judge of the Fifth District Court of New Orleans, directing him to allow the plaintiff a suspensive appeal.

*Schmidt*, for the petitioner.

*Roselius*, contrâ. To grant an injunction would defeat the objects of art. 307

---

JURE
v.
FIRST
MUNICIPALITY.

of the Code of Practice. The judgment being interlocutory, and affecting no irreparable injury, no appeal will lie. Code Pract. art. 566.

The judgment of the court was pronounced by

SLIDELL, J. This case comes before us on an application for a *mandamus*.

The petitioner represents that having leased the meat market of the First Municipality of the city of New Orleans, and being in peaceful possession and punctually paying his rent, the municipality, pretending that the petitioner had no right to the occupancy of two certain stalls in said market, ordered the police officer to destroy or remove the same, to prevent which your petitioner addressed a petition to the Fifth District Court of New Orleans, praying for an injunction to restrain the municipality, which was granted on giving bond. That the defendants having taken a rule upon petitioner to show cause why the injunction should not be set aside, upon furnishing security according to the provisions of the 307th article of the Code of Practice, the judge made the rule absolute, and ordered the injunction to be set aside, upon the execution of a bond, with surety, in the sum of $1,100. That from the order thus rendered he desired a suspensive appeal, and accordingly presented a petition in due form, and with the offer of such security as the judge might require, which was refused, although the petitioner alleged that the order would work an irreparable injury to him. The petition concludes with a prayer for a mandamus, and is accompanied by an affidavit of the truth of the allegations of the petition.

The provisions of article 307 are as follows: " Whenever the act prohibited by the injunction is not such as may work an irreparable injury to the plaintiff, the court may, in their discretion, dissolve the same ; provided the defendant execute his obligation in favor of the plaintiff, with the surety of one good and solvent person, residing within the jurisdiction of the court, for such sum as the court may determine according to the nature of the case, as security that he will deliver the property in dispute in the same state in which it was at the moment of issuing the injunction, and that he will pay besides to the plaintiff all damages he may have sustained by his act, if a definitive judgment be rendered against him in the suit pending.''

Now, it will be observed in the present case, that the petitioner, who was lessee for a term of twelve months, had himself estimated the value of the two tables in question at $3 per diem, making an amount for the term of his lease of $1,095, so that the bond required to be given is ample in pecuniary amount to cover any loss ; and there is no suggestion, nor can we presume in advance, that an insolvent surety will be accepted by the court.

The power given by article 307, is one highly conducive to the administration of justice. We are at a loss to see how an irreparable injury can be sustained in this case by its exercise, and it is obvious then the *practical object of this grant of power to the court below would be defeated in this case, if the plaintiff* were permitted immediately to suspend its operation by an appeal.

It must also be observed that, if the suspensive appeal had been granted, the isolated question of the dissolution of the injunction would be presented in this court, the case, on its merits, being still untried. Now the Code permits an appeal from an interlocutory order only in cases where the order may work an irreparable injury, an hypothesis which the facts already noticed preclude.

We decide this case upon its own peculiar circumstances. When a case is presented in which the power of an inferior court may be reasonably supposed, upon the showing of the applicant, and an inspection of the record, to have been

unduly exercised, and an equitable case is presented for our interference, it will be time enough to consider whether article 307 absolutely precludes the summary relief of an appeal suspending the interlocutory order to bond.

*Mandamus refused.*